Defendant Esmond Lang Neal appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of felonious assault in violation of R.C. 2903.11 with a firearm specification pursuant to R.C. 2929.71 and R.C. 2941.141. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 I. THE JURY VERDICT FINDING DEFENDANT-APPELLANT GUILTY WAS NOT SUPPORTED BY THE EVIDENCE; IN THE ALTERNATIVE, THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At trial, the State presented evidence appellant and Raymond Jackson drove to Dennis Hinkel's home in Canton, Stark County, Ohio. The State alleged appellant shot Hinkel, and he and Jackson stole Hinkel's vehicle. Police found the vehicle crashed into a telephone pole only a few blocks from Hinkel's home. The vehicle was still running, its lights were on, and the driver's side door was open. Police found two hats, two guns, and a glove at the scene. Police found fingerprints consistent with Jackson's fingerprints in the car.
When police interviewed Hinkel, he identified Jackson by his street name and telephone number. Hinkel later identified appellant from a photo array including both appellant's photo, and that of another possible suspect, Terez Davidson.
The State suggested appellant and Jackson assaulted Hinkel in revenge for a botched robbery at Hinkel's home approximately a month earlier. Hinkel had not reported the robbery attempt to police.
The first trial resulted in Jackson's conviction for complicity to felonious assault with a firearm specification, but the jury was hung regarding appellant. Appellant was re-tried alone, and Jackson testified against him in exchange for a lighter prison sentence. At the second trial, Jackson testified he and appellant were drug dealers who found out Hinkel had a lot of money. The first time Jackson and appellant went to Hinkel's home, they were unable to take Mr. Hinkel's money. Jackson testified on the second attempt, appellant confronted Hinkel and shot him. They fled the scene in Hinkel's automobile, but struck a telephone pole. Jackson testified appellant was wearing gloves similar to the glove police found at the accident. On cross examination, Jackson denied telling anyone, including appellant's attorney, that appellant was innocent. Appellant's attorney and another witness took the stand to testify Jackson had earlier told them appellant was not guilty. Jackson admitted he was angry with appellant for suggesting Jackson's brother, Terez Davidson was the shooter. The State also presented letters appellant wrote to his girlfriend asking her to provide him with an alibi for the night of the shooting. Appellant admitted he was attempting to fabricate an alibi, but nevertheless asserted he was not guilty. The jury in the second trial found appellant guilty.
Appellant urges the jury verdict is not sustained by the sufficiency and manifest weight of the evidence. R.C. 2903.11
(A)(2) provides no person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordinance. Appellant concedes the State proved someone shot Dennis Hinkel, but asserts the State fails to present sufficient evidence as to the identity of the shooter.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Supreme Court developed the similarities and distinctions between the concepts of sufficiency of the evidence and manifest weight. The Supreme Court held the distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard the trial court applies to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins, at 386, citations deleted. The question of sufficiency of the evidence is a question of law for the trial court. However, even if a judgment is sustained by the sufficient evidence, it may nevertheless be against the weight of the evidence. Weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of an issue, Thompkins at 387, citations deleted. Weight of the evidence is a factual determination directed to the trier of the fact, which here was the jury.
In reviewing the claim the State's evidence was insufficient as a matter of law, this court must view the evidence in a light most favorable to the prosecution, to determine whether any rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt, see State v.Jamison (1990), 49 Ohio St.3d 182 at 191. Our review of the record leads us to conclude the evidence was sufficient for the court to submit the matter to a jury.
In reviewing the claim the jury's verdict is against the manifest weight of the evidence, this court must examine the record to determine whether, in resolving factual disputes, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and the matter retried, see State v. Martin (1983), 20 Ohio App.3d 172
at 175.
Appellant challenges the credibility of Raymond Jackson's testimony, pointing out he had numerous reasons to testify falsely. Our review of the record demonstrates defense counsel thoroughly explored these issues, and very ably presented them to the jury. Nevertheless, the trier of fact determined Jackson's testimony was sufficiently credible.
Appellant also argues the victim's identification of appellant as the man who shot him was unreliable. Defense counsel did not move to suppress the evidence of the identification and its procedure, so this matter was not brought to the trial court's attention. Neither does appellant assign plain error to the court's admission of Hinkel's identification. The record indicates the police showed Hinkel a photo array containing not only appellant's photo, but also a photograph of Terez Davidson, the person appellant alleged was the shooter. Again, the issue of Hinkel's identification of appellant was explored at trial, and the jury was in the best position to judge his credibility. In addition, there was other evidence presented at trial in support of the theory that appellant was the shooter.
Lastly, appellant points there is little physical evidence implicating him in the crime. The police only found Jackson's fingerprints in the stolen car, but as the State points out Jackson testified appellant was wearing gloves, and a glove was found at the scene of the accident. The State also suggests appellant's letters to his girlfriend are physical evidence of appellant's guilt.
We have reviewed the record, and although the parties vigorously disputed the issues, nevertheless, there was sufficient competent and credible evidence presented on each element of the crime such that we cannot conclude the jury's verdict is against the manifest weight of the evidence.
The assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
------------------------
------------------------
 ------------------------ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court of execution of sentence. Costs to appellant.
------------------------
------------------------
 ------------------------ JUDGES